**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MICHAEL LAUDE,**

                  **Plaintiff,**

**-vs-**                                   **Case No.  6:05-cv-1142-Orl-22DAB**

**ODYSSEY HEALTHCARE, INC, and
HOSPICE OF THE PALM COAST, INC.,**

                  **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on review of the file.  On March 21, 2006, the Court issued an Order sanctioning Plaintiff for failing to participate in good faith in the scheduled mediation.  As set forth in that Order (Doc. No. 20), Plaintiff made no substantive response to the Order to Show Cause, issued after the mediator and both counsel filed a joint report that mediation could not proceed "as a result of erratic, offensive and threatening behavior on the part of Plaintiff."  As sanction, this Court ordered as follows:

> . . . that Plaintiff be sanctioned in the amount of **$250.00,** payable to the Mediator, and **$250.00,** payable to defense counsel, within 11 days of the date of this Order.  Plaintiff is **admonished** that failure to timely abide by the terms of this Order will result in the imposition of additional sanctions, which may include the dismissal of the action.

(Doc. No. 20).

      Plaintiff's counsel has filed a Motion to Withdraw, in which counsel acknowledges receipt of the Order sanctioning his client (Doc. No. 24), and Defendants have filed a Notice (Doc. No. 23) which advises that Plaintiff has failed to comply with the terms of the Order.  No explanation has been

offered sufficient to excuse or mitigate Plaintiff's actions in this case.  In view of the unexplained failure to adhere to the sanctions Order in spite of notice that such inaction might result in dismissal, the Court can conclude only that Plaintiff's conduct amounts to willful disregard of the Court's Orders and authority.  The Court also finds that lesser sanctions will not suffice, as admonishments and monetary sanctions have proven ineffective.  *See Mingo v. Sugar Cane Growers Co-op of Florida,* 864 F.2d 101 (11th Cir. 1989).  As such, the Court can only conclude that dismissal is appropriate. It is therefore **respectfully recommended** that the action be **dismissed** due to Plaintiff's misconduct and failure to obey the Orders of the Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 10, 2006.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy